**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Mitchell D. Holbach, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Nancy Murphy, et. al., ) | |
| ) | Case No. 4:08-cv-074 |
| Defendants. ) | |

The plaintiff, Mitchell D. Holbach ("Holbach"), is an inmate at the James River Correctional Center ("JRCC"). He initiated the above-entitled action with the submission of his "PLRA packet" on August 7, 2008. He subsequently lodged a pro se complaint pursuant to 42 U.S.C. § 1983 along with an application to proceed *in forma pauperis* on September 11, 2008. This matter is now before the court for an initial review as mandated by 28 U.S.C. §1915A.

**I.   BACKGROUND**

Holbach claims arise out of the issuance of an ex-parte restraining order against him, his state court conviction for stalking, his initial sentence of probation, the subsequent revocation of his probation, and his incarceration. He takes issue with what he perceives as the defendants efforts to deprive him of his "civil constitutional and statuatory (sic) rights." (Docket No. 5). Specifically, he contends that the defendants conspired to suppress or otherwise conceal exculpatory evidence from him, to incarcerate him under an unconstitutional statute, and to deprive him of his rights to free speech, assembly, association, travel, religion, and ability to engage in commerce. He also claims to have been denied his rights to a speedy trial, bail, effective assistance of counsel, and to cross examination of hostile witnesses. Finally, he contends that the issuance of the aforementioned

1

ex-parte restraining order was unconstitutional, that his prosecution was malicious, that he was subjected to an illegal search, and that a number of the defendants either manufactured inculpatory evidence or destroyed, manipulated, and suppressed exculpatory evidence. He seeks, *inter alia*, injunctive relief, a declaration of exoneration, and $10 million in compensatory and punitive damages.

The North Dakota Supreme Court summarized the events underlying the present action as follows in its July 25, 2007, opinion affirming the state district court's revocation of Holbach's probation.

> In July 2006, Holbach entered a guilty plea to a charge of stalking. He was sentenced to serve time in jail and placed on probation for two years. As a condition of probation, Holbach was prohibited from having any contact with the stalking victim. Holbach was also required to keep his probation officer informed of where he was living and working, and to meet with the probation officer on a regular basis. In September 2006, the State filed a petition to revoke Holbach's probation, alleging he failed to meet several conditions of probation
>
> The court held a hearing on the State's petition to revoke Holbach's probation. Before the hearing, Holbach asked the court to appoint a different lawyer, after having previously been appointed at least four other lawyers to assist him after the criminal judgment. All of the previous lawyers had moved to withdraw from representing Holbach. The court informed Holbach that it intended to proceed with the hearing, but gave Holbach the option to represent himself or have his current lawyer represent him. The court also informed Holbach that if he chose to represent himself, the court would order the lawyer to serve as standby counsel in case he needed help. Initially, Holbach refused to answer the court's questions concerning whether he understood his options. Holbach said he wanted a lawyer to represent him, but wanted someone other than his current lawyer. When the court reiterated he had two options--proceed with his current lawyer or represent himself--Holbach fired his lawyer in open court. The court required Holbach's just-fired lawyer to serve in a standby capacity. The court found Holbach, through his behavior, had effectively waived his right to counsel. At the conclusion of the hearing, the court found Holbach had violated the conditions of his probation. The court revoked Holbach's probation and resentenced him to serve time in jail. Holbach was also placed on supervised probation.
>
> After the hearing, Holbach filed a motion to withdraw his guilty plea to the original stalking charge, a motion for new counsel, a motion for a continuance, and

a motion for the return of seized property. The court denied the motion to withdraw his guilty plea, as Holbach failed to prove the withdrawal of his guilty plea was necessary to correct a manifest injustice under N.D.R.Crim.P. 32(d). The court also denied Holbach's motion for new counsel and for a continuance because the issues were moot. The court granted Holbach's motion to return seized property, so long as the seized items were not contraband or part of an ongoing investigation. Holbach appealed the court's order partially revoking his probation and the order disposing of his post-hearing motions.

State v. Holbach, 2007 ND 114 ¶¶ 2-4, 735 N.W.2d 862.

## II.   STANDARDS GOVERNING INITIAL REVIEW

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burdens imposed by prisoner suits that too often are frivolous and without merit. Jones v. Bock, __ U.S. __,127 S.Ct. 910, 914 (2007); Woodford v. Ngo, __ U.S.__, 126 S.Ct. 2378, 2382 (2006). One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee is the requirement that courts conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A.  In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Id.

In enacting the PLRA, Congress chose not to impose a heightened pleading requirement for prisoner complaints, and, in this case, 42 U.S.C. § 1983 does not impose any such requirements. Jones v. Bock, __ U.S. __,127 S.Ct. 910, 919 (2007). Consequently, to state a cognizable claim, the complaint needs only to meet the minimal requirements of Fed. R. Civ. P. 8(a), which are that it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2202 (2007) (per curiam). In addition, when a

3

prisoner is proceeding *pro se*, the court is obligated to construe the complaint liberally and hold it to a less stringent standard than what would be required of attorneys. E.g., Erickson v. Pardus, 127 S.Ct. at 2202. The court may not dismiss a *pro se* complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999); see also Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988).

Nevertheless, even though the pleading requirements are minimal and complaints are to be liberally construed, this does not mean the court must accept anything and everything that is filed by a *pro se* prisoner. In enacting the screening requirement, Congress expected it to be more than a ritualistic exercise and that the courts would be vigilant in allowing prisoners to proceed only with those claims that state a cognizable claim, that seek relief from a non-immune party, and that are not obviously baseless, frivolous, or malicious.

"A complaint is frivolous if it lacks an arguable basis in law or fact." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)). "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory." Id. And, in terms of whether there is an arguable basis in fact, the court may disregard any factual allegations that are clearly fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992); Edwards v. Snyder, 478 F.3d 827, 229-830 (7th Cir. 2007) (discussing the difference between factual and legal frivolousness).

To meet the minimal requirements of Rule 8(a)(2) for pleading a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S.Ct. 1955, 1965 n.3 (2007). At the

4

very least, even *pro se* prisoners must state enough to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. at 2200 (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964).  In the case of an action for a violation of federal civil rights under 42 U.S.C. § 1983, this means a plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States and that the violation was committed by a person acting under color of state law in order to state a cognizable claim.  West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157-158 (8th Cir. 1997).  Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which a particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities for damages must be personally involved or directly responsible since § 1983 does not impose *respondeat superior* liability.  Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir.1990); Martin v. Sargent, 780 F.2d 1334, 1337-39 (8th Cir.1985).     Finally, even though the court is obligated to construe *pro se* complaints liberally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim.  The court may accept as true all facts pled in the complaint and conclude from them that there is no claim stated as a matter of law.  E.g., Edwards v. Snyder, 478 F.3d at 830; Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753-754 (7th Cir. 2002) (citing other cases).[1]

---

[1] In Edwards v. Snyder, the Seventh Circuit stated the following:

Complaints may be susceptible to dismissal for failure to state a claim for various reasons. For example, a plaintiff may allege too little in his complaint and fail to meet the minimal federal pleading requirements. See Fed. R. Civ. P. 8. Even if a complaint passes the minimal threshold of pleading standards, dismissal for failure to state a claim may be appropriate if it "appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir.2006); Dealt v. Carter, 224 F.3d 607, 610 n. 1 (7th Cir.2000). A complaint can also allege too much; a plaintiff may unwittingly plead himself out of court by

5

## III.   DISCUSSION

Holbach's complaint indiscriminately names as defendants anyone and everyone he perceives as having had some real or hypothetical connection to his state court proceedings, regardless of how remote, tenuous, or tangential that connection may be. It then goes on to accuse these defendants, ninety-five in all, of conspiring to violate Holbach's constitutional rights on at least at least thirteen different occasions but makes no attempt to offer an explanation as to how such conspiracy was effectuated or what role each defendant played.

Conclusory allegations of a conspiracy amongst such a vast array of defendants -- state district court judges, state supreme court justices, court staff, public defenders, prosecutors, probation officers, Judicial Conduct Commission members, attorney disciplinary board members, domestic violence advocates, university administrators, State Bar Association members and officers, law enforcement officers, correctional officers, state psychologists, county commissioners, and clergy -- are, at best, fantastic and fanciful and should be dismissed as manifestly frivolous. See Simmons v. Payne, 170 Fed. Appx. 906, 907 (5th Cir. 2006) (finding that allegations of a vast conspiracy at all levels of government can be characterized as fanciful, irrational, incredible and delusional); Haugen v. Sutherlin, 804 F.2d 480, 491 nn. 1-2 (8th Cir. 1986). In Haugen, the Eighth Circuit, criticized a magistrate judge for allowing service of *pro se* complaint naming fifty-two defendants to proceed at government expense stating:

> The fact that plaintiff was suing members of the Indiana State Court and the discipline committee of the Indiana Bar Association should have alerted the

---

alleging facts that preclude recovery. See McCreary v. BAY, Inc., 453 F.3d 882, 888 (7th Cir. 2006).

478 F3d at 830.

6

magistrate to the specious allegations made in her complaint.

Id. at 491 n.1.

Holbach's claims of evidence tampering and the unconstitutionality of his underlying state court proceedings are also subject to dismissal, albeit on different grounds. The Supreme Court has made clear that a prisoner cannot make a claim for relief in a § 1983 action, for which success would imply the invalidity of confinement or the duration of the prisoner's sentence, without first exhausting his habeas remedies. Edwards v. Balisok, 520 U.S. 641 (1997); Preiser v. Rodriguez, 411 U.S. 475 (1973); see Wilkinson v. Dotson, 544 U.S. 74 (2005); Heck v. Humphery, 512 U.S. 477 (1994); Wolff v. McDonnell, 418 U.S. 539 (1974). This is commonly referred to as the "Heck bar." In Wilkinson v Dotson, the Supreme court summarized its prior decisions in this area states as follows:

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- -if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

544 U.S. at 81-82.

Here, Holbach challenges the veracity of both the evidence produced and the testimony presented at the underlying state court proceedings. His ultimate aim is exoneration. To succeed he must demonstrate that he was wrongly convicted and that his confinement is invalid. As such, his claims insofar as they relate to the conduct of both judicial officers and law enforcement are Heck-barred.

Finally, while it appears that Holbach's other claims of deprivation of his constitutional rights are related to his state criminal proceedings and are Heck barred, to the extent that they are not Holbach also failed to plead sufficient facts to support the allegations to state a cognizable claim.

7

See Hughes v. Banks, 2008 WL 4065874, *1 (8th Cir. 2008) (unpublished opinion); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints are to be liberally construed, but they must allege sufficient facts to support claims advanced). Further, the laundry list of claims of deprivations of constitutional rights, when considered with everything else, are obviously fantastic and frivolous.

## IV.   CONCLUSION

The undersigned **RECOMMENDS** that:

1. Holbach's application to proceed *in forma pauperis* (Docket No. 2) be **DENIED**.

2. Holbach's complaint be **DISMISSED** without prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 24th day of September, 2008.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge